UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| POPTECH, L.P., | ) | |
| | ) | CIVIL ACTION NO.: |
| Plaintiff, | ) | 3:10-cv-00967 (MRK) |
| | ) | |
| v. | ) | |
| | ) | |
| STEWARDSHIP INVESTMENT | ) | |
| ADVISORS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | OCTOBER 15, 2010 |

**DEFENDANTS STEWARDSHIP INVESTMENT ADVISORS, LLC
AND MARLON QUAN'S MOTION TO DISMISS THE COMPLAINT**

Pursuant to Rules 12(b)(1), 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Defendants Stewardship Investment Advisors, LLC ("SIA") and Marlon Quan ("Quan") respectfully request that the Court dismiss plaintiff Poptech, L.P.'s ("Poptech") Complaint.

As set out more fully in the Memorandum of Law accompanying this motion, Poptech lacks standing to assert claims directly against defendants SIA and Quan because the Complaint alleges injury to the Stewardship Credit Arbitrage Fund, LLC (the "Fund") as a result of imprudent investments made by the Fund.  Accordingly, Counts One through Six of the Complaint, all of which purport to assert direct rather than derivative claims, must be dismissed.

An independent ground for dismissal of Counts One and Two, the only federal claims in the Complaint, is their failure to state a claim in accordance with the standards imposed by Fed.R.Civ.P. 9(b), 12(b)(6) and the PSLRA.  As explained in Point II, Count One fails to state a claim under §10(b) of the Securities Exchange Act of 1934 ("Exchange Act") because (a) it fails to allege that SIA or Quan made any material misstatement or omissions on which Poptech

relied; (b) it fails to allege the element of loss causation essential to a §10(b) claim; and (c) it fails to plead facts giving rise to a strong inference that SIA and Quan acted with scienter. Dismissal of the §10(b) claim necessarily results in a failure to state a claim under the "control person" provisions of §20(a) of the Exchange Act, and therefore Count Two also must be dismissed.

Finally, dismissal of the federal claims -- whether for lack of standing or failure to state a claim -- should lead to dismissal of all remaining state law claims, contained in Counts Three through Eleven, for lack of subject matter jurisdiction. No special circumstances warrant the exercise of supplemental jurisdiction following dismissal of the federal claims, and the Complaint fails to allege the elements of either diversity jurisdiction or jurisdiction under the Class Action Fairness Act.

WHEREFORE, Defendants Stewardship Investment Advisors, LLC and Marlon Quan respectfully request that this Court grant their Motion to Dismiss Plaintiff Poptech, L.P.'s Complaint.

## **CONCLUSION**

The Complaint must be dismissed as against Stewardship Investment Advisors, LLC and Marlon Quan.

                        DEFENDANTS, STEWARDSHIP INVESTMENT
                        ADVISORS AND MARLON QUAN

By:    /s/ Francis H. Morrison III
         Francis H. Morrison III (ct04200)
         Denise V. Zamore (ct27549)
         AXINN, VELTROP & HARKRIDER LLP
         90 State House Square
         Hartford, Connecticut 06103
         Telephone (860) 275-8100
         Facsimile (860) 275-8101
         fhm@avhlaw.com
         dvz@avhlaw.com

OF COUNSEL:

DAVID S. SMITH
Smith Campbell, LLP
110 Wall Street
New York, New York  10005
Telephone:  212-344-1500
Facsimile:   212-344-5585
Email:   dsmith@sc-llp.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 15, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                /s/ Francis H. Morrison III
                                                Francis H. Morrison III