UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| POPTECH, LP, individually and on behalf of a class of others similarly situated, and derivatively on behalf of STEWARDSHIP CREDIT ARBITRAGE FUND, LLC, | : : : : : | |
| Plaintiff, | : : | No. 3:10cv967 (MRK) |
| v. | : : | |
| STEWARDSHIP INVESTMENT ADVISORS, LLC; STEWARDSHIP CREDIT ARBITRAGE FUND, LLC; ACORN CAPITAL GROUP, LLC; A LE VIELLE RUSSIE, INC.; MARLON QUAN; GUSTAV E. ESCHER, III; BENJAMIN ZUCKER; PETER SCHAFFER, | : : : : : : : | |
| Defendants. | : | |

**RULING AND ORDER**

Currently pending before the Court is Plaintiff Poptech, LP's ("Poptech's") Motion for Appointment as Lead Plaintiff and to Approve Its Selection of Lead Counsel [doc. #18]. In the motion, Poptech seeks to be appointed as co-Lead Plaintiff along with William A. Meyer and Dr. Terrence Isakov, and seeks to have Shepherd, Finkelman, Miller & Shaw, LLP approved as Lead Counsel. No other potential Lead Plaintiff has opposed Poptech's motion. However, Defendants Stewardship Investment Advisors, LLC ("Stewardship Advisors") and Marlon Quan filed a Memorandum in Opposition [doc. # 31] to the pending motion challenging the sufficiency of the notice that Poptech published advising members of the proposed class about the pendency of this action. *See* 15 U.S.C. § 78u-4(a)(3)(A).

For the reasons set forth below, Poptech's Motion for Appointment as Lead Plaintiff and to Approve Its Selection of Lead Counsel [doc. #18] is GRANTED in part and DENIED in part. The Court appoints Poptech as Lead Plaintiff and approves Poptech's selection of Shepherd, Finkelman, Miller & Shaw, LLP as Lead Counsel. However, the Court reserves judgment as to whether William A. Meyer and Dr. Terrence Isakov should also be appointed as co-Lead Plaintiffs. Mr. Meyer and Dr. Isakof may file renewed motions for appointment as co-Lead Plaintiffs after the amended complaint in this case has been filed. *See* Order [doc. # 41].

## I.

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. 104-67, 109 Stat. 737 (codified as amended in scattered sections of 15 U.S.C.), within twenty days after the filing of a federal securities class action complaint, the plaintiff must publish a notice about the action in "a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must advise members of the proposed class "of the pendency of the action, the claims asserted therein, and the purported class period." *Id.* § 78u-4(a)(3)(A)(i)(I). The notice must also inform members of the proposed class that "any member . . . may move the court to serve as lead plaintiff" within sixty days after publication of the notice. *Id.* § 78u-4(a)(3)(A)(i)(II).

Poptech filed its Complaint [doc. # 1] in this action on June 18, 2010. Six days later, on June 24, 2010, Poptech published a notice in *Business Wire*. The Court reproduces the relevant portions of the notice below:

> Shepherd, Finkelman, Miller & Shah, LLP . . . announces that it has filed a lawsuit seeking class action status in the United States District Court for the District of Connecticut (docket no. 3:10-cv-00967 (MRK)) on behalf of all persons or entities (the "Class") that purchased or otherwise aquired Class P or Class A interests in the Stewardship Credit Arbitrage Fund, LLC ("Stewardship" or the "Fund") between period February 7, 2006 and October 7, 2008 (the "Class Period"). A copy of the

2

> Complaint may be obtained from the Court, or you can call our offices toll free. . . to speak with an attorney regarding this matter and we will send you a copy of the Complaint.
>
> Among other claims, the Complaint alleges that Stewardship Investment Advisors, LLC ("Stewardship Advisors") and Marlon Quan ("Quan") violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, by misrepresenting that the Fund would follow certain investment objectives, strategies and methods, when, in fact, contrary to those representations, the Fund invested the bulk of its assets in a "Ponzi" scheme operated by Thomas Petters, now serving a federal prison term for fraud; as well as loans secured by vastly overvalued jewelry and other dubious investments. The Complaint further alleges that Stewardship Advisors and Quan knew or should have known that assets underlying these and other of the Fund's investments were unsupportable.
>
> If you purchased or otherwise acquired Class P or Class A interests in Stewardship between February 7, 2006 and October 7, 2008, you may qualify to serve as lead plaintiff on behalf of the Class. All motions for appointment as lead plaintiff must be filed with the Court no later than sixty days from today. Any member of the proposed Class may move the Court to serve as lead plaintiff in this action through counsel of his or her choice, or may remain an absent class member. There are certain legal requirements to serve as lead plaintiff, which we would be pleased to discuss with you. Please contact Patrick A. Klingman by email or telephone . . . if you would like to discuss this action or have any questions regarding this notice or your rights.

Ex. A to Pl.'s Mot. for Appointment as Lead Pl. and to Approve its Selection of Counsel [doc. # 18-3]. At oral argument on the pending motion, Poptech's counsel represented that Shepherd, Finkelman, Miller & Shah received numerous telephone calls and emails in response to the notice.

There is no dispute – and no real doubt – that Poptech's notice met the requirement of being published in a widely circulated national business-oriented wire service. Numerous federal district courts have held that publication in *Business Wire* satisfies that requirement, *see, e.g.*, *Seidel v. Noah Educ. Holdings, Ltd.*, No. 08 Civ. 9427 (RJS), 2009 WL 700782, at *4 (S.D.N.Y. Mar. 9, 2009), and this Court agrees. Defendants do not contend otherwise. There is also neither a dispute nor a doubt that the notice satisfactorily informed members of the proposed class about the pendency of the

action and about the purported class period.

Nevertheless, Stewardship Advisors and Mr. Quan argue in opposition to the pending motion that Poptech's notice did not satisfy the PSLRA's other requirements. *See In re Lucent Tech., Inc. Sec. Lit.*, 194 F.R.D. 137, 146-48 (D.N.J. 2000). Although the PSLRA does not explicitly contemplate that *a defendant* may challenge the sufficiency of a plaintiff's notice to potential class members, numerous federal district courts have permitted such challenges. *See, e.g.*, *id.* at 148; *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 579 (N.D. Cal. 1999). Regardless, Poptech does not dispute that Stewardship Advisors and Mr. Quan have standing to challenge the notice. Stewardship Advisors and Mr. Quan assert that Poptech's notice did not fully and adequately advise members of the proposed class of *all* the claims asserted in the Complaint, did not provide a sufficiently detailed account of Defendants' alleged misrepresentations, and did not adequately facilitate further inquiry and action by potential class members. The Court does not find Defendants' arguments to be convincing.

The PSLRA requires that a notice inform members of the proposed class of "the claims asserted" in the action. 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). The notice most certainly mentioned that plaintiff asserted claims under § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, and a claim against Mr. Quan under § 20(a) of the Securities Exchange Act of 1934. However, Stewardship Advisors and Mr. Quan insist that Poptech's notice was insufficient because it did not mention the following state law claims: (1) a claim against Stewardship Advisors and Mr. Quan under the Connecticut Uniform Securities Act, *see* Conn. Gen. Stat. § 36b-29; (2) a claim against various other Defendants under the Connecticut Uniform Securities Act, *see id.*; (3) a state common law fraud claim against Stewardship Investment and Mr. Quan; (4) a state common law

4

negligent misrepresentation claim against Stewardship Advisors and Mr. Quan; (5) a derivative state common law fraud claim against Stewardship Advisors, Mr. Quan and various other Defendants; (6) a derivative state common law breach of fiduciary duty claim against Stewardship Advisors, Mr. Quan, and one other Defendant; (7) a derivative state common law negligence claim against Stewardship Advisors, Mr. Quan, and various other Defendants; (8) a derivative state common law unjust enrichment claim against Stewardship Advisors, Mr. Quan, and various other Defendants; and (9) a derivative state common law breach of contract claim against Stewardship Advisors, Mr. Quan, and various other Defendants. According to Stewardship Advisors and Mr. Quan, a notice must detail *all* of the claims in the complaint in order to comply with the PSLRA. *See In re Lucent*, 194 F.R.D. at 146-47; *see also Wenderhold*, 188 F.R.D. at 579 (holding that the "description of the claims in the notice must be congruent with the claims as alleged in the pleadings").

Neither the Supreme Court nor the Second Circuit has ever considered whether the PSLRA requires a plaintiff's notice to provide a detailed account of *all* of the claims in the complaint, including state law claims. Considering that question as a matter of first impression, this Court concludes that the PSLRA does require a notice to list all federal securities law claims, but does not require notice of every state law claim. The PSLRA does not specifically distinguish between federal securities law claims and other claims such as state law claims. However, because the PSLRA applies only to class actions that arise under *federal securities law*, *see id.* 15 U.S.C. § 78u-4(a)(1), the Court believes that the primary purpose of a PSLRA notice is to inform potential class members about the *federal securities law* claims in the complaint.

The plain text of the PSLRA does not explicitly require a plaintiff to list *every* claim asserted in a private securities class action. Instead, it requires only that a plaintiff publish a "notice" of "the

claims asserted" in a pending securities class action. 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). Absent indications to the contrary, this Court must presume that Congress uses language in statutes – including the PSLRA – consistent with ordinary usage. *See, e.g.*, *Boyle v. United States*, --- U.S. ---, 129 S. Ct. 2239, 2244 (2009). In ordinary usage, "notice" means nothing more than "an announcement or intimation of something impending; warning." *Random House Webster's Unabridged Dictionary* 1326 (2d ed. 2001). And as a general legal matter, whether a particular announcement sufficiently informs interested persons of impending action is generally a contextual inquiry. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (holding that to comport with due process, "notice [must be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *Black's Law Dictionary* 1164 (9th ed. 2009) (defining "due notice" as notice that is "adequate given the particular circumstances").

Although Stewardship Advisors and Mr. Quan suggest otherwise, federal district courts have interpreted the PSLRA to require nothing more than a reasonably detailed notice about the federal claims asserted in a securities class action complaint. As one other district court has wisely noted:

> Drafting notices for class members is a bit of an art. The balance is to give members *adequate information for them to make informed decisions* without overwhelming them with so much information that they do not see the most important information or do not even read the notice because of its length.

*Lane v. Page*, 250 F.R.D. 634, 645 (D.N.M. 2007) (emphasis added). The decisions that Stewardship Advisors and Mr. Quan rely on are not to the contrary. *See Wenderhold*, 188 F.R.D. at 583 (interpreting the PSLRA to require "a fair recital of the *subject matter* of the suit . . . inform[ing] all class members of their opportunity to be heard" (emphasis added and citation omitted)); *In re Lucent*, 194 F.R.D. at 146 (same). In this Court's experience, federal securities class

6

action complaints are often complex, and they often assert claims under state statutes and state common law – not just federal securities claims – against multiple defendants. If Congress had intended the PSLRA to require an exhaustive notice describing every state law claim and every alternative legal theory outlined in a complaint, it could have used specific language to do so. It could even have required the plaintiff to publish or otherwise circulate a complete copy of the complaint. Thus, consistent with other federal district courts' decisions, this Court reads the PSLRA to require a notice that includes a *reasonably detailed summary* of the claims asserted in a securities class action complaint; the notice need not "overwhelm[]" readers with every detail of every claim asserted in the complaint. *See Lane*, 250 F.R.D. at 645.

The Court believes that Poptech's notice provided members of the proposed class with a reasonably detailed summary of all of the claims asserted in the Complaint. Stewardship Advisors and Mr. Quan overlook the fact that, in addition to informing members of the proposed class about Poptech's claims under §§ 10(b) and 20(a) and under Rule 10b-5, it also noted that there were "other claims" in the Complaint. Furthermore, the notice set forth in some detail the factual allegations common to *all* of the claims in the complaint – that is, that Stewardship Advisors invested money in a Ponzi scheme and in loans secured by jewelry and antiques, rather than in more conservative investments as described to investors. Finally, even assuming that it is sometimes necessary to inform members of the proposed class about potential interclass conflicts in order to satisfy the PSLRA, *see In re Lucent*, 194 F.R.D. at 148, no such notification could be required here. At this point, there is no indication that such interclass conflicts will exist in this case.

The Court is also fully satisfied that Poptech's notice sufficiently enabled members of the proposed class to contact this Court directly and file motions for appointment as Lead Plaintiff. *See*

7

15 U.S.C. § 78u-4(a)(3)(A)(i)(I). The notice did not identify the plaintiff by name, but it included this case's docket number, No. 3:10cv967 (MRK). Though the notice did not include a telephone number or address for the Court, any person could find that information with ease on the Internet or by calling Information. Such person could then obtain detailed information about the case from the Clerk's office or from the Court's chambers by simply referencing this case's docket number. The notice also informed those reading it that they could obtain information about the case by contacting Shepherd, Finkelman, Miller & Shaw, and several persons did just that. Finally, the notice specifically informed members of the proposed class about the process for filing motions for appointment as Lead Plaintiff with this Court, and about deadline for filing such motions with the Court. Thus, the Court concludes that Poptech's notice fully satisfied the PSLRA's requirements.

## II.

Stewardship Advisors and Mr. Quan do not object to the appointment of Poptech as Lead Plaintiff, and other than Mr. Meyer and Dr. Isakof – who seek to join with Poptech in a Lead Plaintiff Group – no other member of the proposed class has moved for appointment as Lead Plaintiff. Under the PSLRA, this Court must "appoint as lead plaintiff the member or members of the purported plaintiff class that [it] determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court must "adopt a presumption that the most adequate plaintiff . . . is the person or group of persons that . . . has either filed the complaint or made a motion in response to a notice . . . ; in the determination of the court, has the largest financial interest in the relief sought by the class; and . . . otherwise satisfies the requirements of Rule 23 of the *Federal Rules of Civil Procedure*." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Under Rule 23, "the claims or defenses of the representative parties [must be] typical of the claims or defenses

8

of the class," Fed. R. Civ. P. 23(a)(3)," and "the representative parties [must] fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

The Court has no difficulty concluding that Poptech is well-suited to serve as Lead Plaintiff. Poptech filed the Complaint in this action, *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa); Poptech purchased $1,500,000 in Class A shares of the security at issue in this case, *see id.* § 78u-4(a)(3)(B)(iii)(I)(bb); and Poptech seems to assert claims typical of the class and to be capable of fully and adequately protecting the interests of the proposed class. *See id.* § 78u-4(a)(3)(B)(iii)(I)(cc); Fed. R. Civ. P. 23(a)(2)-(3). Because no other class member has opposed Poptech's motion, *see* 15 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ("The presumption described in subclause (I) may be rebutted *only upon proof by a member of the purported plaintiff class . . . .*"), the Court appoints Poptech as Lead Plaintiff.

The Court believes that it is prudent, however, to refrain from deciding at this time whether Mr. Meyer and Dr. Isakof should be appointed as members of a Lead Plaintiff Group along with Poptech. As discussed during the on-the-record telephonic status conference held on October 22, 2010, Stewardship Advisors and Mr. Quan filed a Motion to Dismiss [doc. # 38] the Complaint on October 10, 2010. Defendant Acorn Capital Group, LLC also filed a Motion to Dismiss [doc. # 39] on that date. In response to those motions, Poptech sought leave to amend the Complaint. The Court granted Poptech leave to do so and denied both motions without prejudice to renewal. *See* Order [doc. # 41]. During the status conference, the Court instructed Poptech that it could add Mr. Meyer and Dr. Isakof as parties in its amended complaint and could provide the Court with additional information about Mr. Meyer and Dr. Isakof's interests in this action in the amended complaint. After the amended complaint has been filed, Mr. Meyer and Dr. Isakof may file motions

to be added as Lead Plaintiffs along with Poptech. Should they eventually file such motions, the Court will determine at that time whether Mr. Meyer and Dr. Isakof meet the requirements for serving as Lead Plaintiffs.

### III.

As Lead Plaintiff, Poptech has the discretion to retain counsel of its choice to represent the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Poptech has selected Shepherd, Finkelman, Miller & Shaw as its counsel and seeks the Court's approval of its selection. It appears that Shepherd, Finkelman, Miller & Shaw and its attorneys are sufficiently experienced in handling federal securities class actions to serve as Lead Counsel, and Defendants do not argue otherwise. Therefore, the Court approves of Poptech's selection of Lead Counsel.

### IV.

In sum, the Court appoints Poptech as Lead Plaintiff and approves Poptech's selection of Shepherd, Finkelman, Miller & Shaw as Lead Counsel. However, for the time being, the Court declines to appoint Mr. Meyer and Dr. Isakof as members of a Lead Plaintiff Group. Poptech's Motion for Appointment as Lead Plaintiff and to Approve Its Selection of Lead Counsel [doc. #18] is therefore GRANTED in part and DENIED in part. Mr. Meyer and Dr. Isakof may filed renewed motions for appointment as Lead Plaintiff after an amended complaint has been filed in this case. The Court expresses no view here regarding the reasonableness of any proposed fee arrangements between Poptech and Shepherd, Finkelman, Miller & Shaw.

IT IS SO ORDERED.

/s/      Mark R. Kravitz    
United States District Judge

**Dated in New Haven, Connecticut: October 28, 2010.**