UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| POPTECH, LP | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:10-CV-00967 (MRK) |
| | : | |
| V. | : | |
| | : | |
| STEWARDSHIP CREDIT ARBITRAGE FUND, LLC, ET AL. | : | |
| | : | |
| | : | |
| Defendants. | : | FEBRUARY 14, 2011 |

## RENEWED MOTION TO DISMISS

The defendant, Gustav E. Escher, III ("Escher"), respectfully renews his October 15, 2010, Motion to Dismiss the plaintiff's complaint against him. [Dkt. 35.] The December 13, 2010, "Amended Class Action Complaint" fails to cure the principal defect that Escher identified in his initial motion, namely, that the plaintiff has failed to plead with the particularity required by Rule 9(b) a claim of aiding and abetting a violation of the Connecticut Uniform Securities Act, Conn. Gen. Stat. §36b-29 ("CUSA").[1]  Because the plaintiff was given the opportunity to correct this pleading defect and still has failed to do so, the Amended Complaint should be dismissed with prejudice as to Escher. In further support of this motion, Escher states as follows:

1.     As permitted by the Court in its order concerning renewed motions to dismiss [Dkt. 41], Escher incorporates by reference the following parts of his October 15, 2010, Memorandum of Law in Support of Motion to Dismiss [Dkt. 35-1]: page 1 through the first paragraph ending on page 3; Part II.A through the first paragraph ending on page 5; Part III.A.1; and all of Parts III.B. and III.C.  Additionally, Escher incorporates by reference the PPM

---

[1] The Amended Complaint contains only a single, direct claim against Escher—aiding and abetting a CUSA violation—whereas the original Complaint contained this claim as well as numerous state law derivative claims, which are not included in the Amended Complaint.

attached as Exhibit A to his October 15, 2010, Memorandum, and the references thereto contained in the incorporated sections above.

    2.    Although the plaintiff's theory in the Amended Complaint's aiding and abetting claim against Escher remains substantially similar—that Escher was not "independent"—plaintiff has sprinkled in some new factual allegations against Escher in the Amended Complaint. Accordingly, to assist the Court in finding the scant references to Escher in the eighty-five page Amended Complaint, the following listing of all references to Escher is provided:

- On page 5, at ¶5, Escher is identified as the "Independent Manager." The Amended Complaint alleges that Escher was a friend of Marlon Quan and had a conflict of interest because he was on the board of directors of an offshore fund controlled by Quan and another non-party entity called Livingston Acres, LLC, allegedly a subsidiary of the Fund formed after Escher's service as Independent Manager began. (Am. Compl., ¶18 & n.1.) It is conclusorily alleged that Escher "never engaged in any independent evaluation or investigation of any transaction between Acorn and the Fund. Indeed, *upon information and belief*, Escher never challenged or voiced any objection to any transaction foisted on the Fund by Acorn." (Am. Compl., ¶5 (emphasis added).)

- On page 7, at ¶9, it is alleged that a tribunal in Bermuda rejected Escher's testimony and legal arguments concerning alleged fraud by Petters in connection with the so-called "Off-Shore Fund," which is not a party to this action.

- Paragraph 22 provides background information about Escher, including the fact that he was employed as a Vice President by PNC Bank in New Jersey during the Class Period. It then alleges that Escher formerly was a colleague of Quan's at another company (although when is not stated). It goes on to state the PPM's definition of independence in the context of the Independent Manager's role, that he is "neither affiliated with nor has a direct or indirect material interest in any transaction of the [Fund], Acorn, Mr. Quan or any affiliate or service provider of the foregoing . . . and that [he was] qualified to evaluate any transaction between Acorn and the [Fund]." It is then alleged that Escher became "affiliated" with two "affiliates" of the Fund by serving on their boards of directors during the Class Period.

- Paragraph 127, starting at page 67, alleges that the PPMs provided to prospective investors disclosed that Escher was to be paid a "customary" fee for his services as Independent Manager, and that the Fund in fact paid Escher that fee. (*See* Exhibit A to Escher's initial Memorandum of Law at p. 29 ("Independent Manager shall receive a customary fee, together with any reasonable and necessary expenses, payable as an expense of the Company, for any work for the Company.")

- On page 72, paragraph 135 alleges, in connection with a claim that the Fund, Advisors, and Acorn were alter egos of one another, that certain unidentified former employees of Acorn, Advisors, and/or the Fund either did not know Escher or did not understand his role.

The above summary represents the entirety of the allegations of fact concerning Escher in the Amended Complaint.[2]  He is mentioned in *six* of 136 paragraphs of factual allegations.

3. Count IV contains the legal claim against Escher for aiding and abetting CUSA violations by the Fund, Acorn, Advisors, and Quan.  It alleges, at paragraph 167, that Escher acted as Independent Manager, creating the appearance that the disclosed conflicts of interest between Advisors, Acorn and Quan had been ameliorated or eliminated.  It goes on to allege that, by virtue of his service on the board of alleged affiliates of the Fund, Escher "was not disinterested and did not exercise any independence with regard to the review and/or approval of any proposed sale of a note or loan from Acorn to the Fund."  In the following two paragraphs, it is conclusorily alleged that Escher knew or should have known of the alleged fraud, and Escher therefore aided and abetted CUSA violations.

4. To summarize the arguments already incorporated by reference, the Amended Complaint fails to plead with particularity any facts supporting the elements of a claim of aiding and abetting a CUSA violation.  Even assuming the Amended Complaint states a primary violation of CUSA against other defendants (without which the aiding and abetting claim against Escher necessarily fails), the Amended Complaint falls woefully short of meeting the requirements of Rule 9(b).  Although the Amended Complaint alleges that Escher became unqualified to serve as Independent Manager (albeit in a defective, conclusory fashion), it is devoid of any facts about what Escher supposedly did to provide "material assistance" to the

---

[2]   There are some additional allegations referring to "the Defendants" as a whole, including in paragraphs 6 – 8, 71 – 72, 74, 88 – 89, 95, and 112.  None of these paragraphs mentions Escher by name or alleges conduct by him or the Independent Manager.

3

alleged securities fraud committed by the primary violator(s), how his alleged conduct (whatever it may have been) was of material assistance in the offer or sale of securities, or how Escher, a full-time executive at another company fulfilling a specific role for the Fund, knew or should have known of the alleged untruths or omissions by the alleged primary violators.  There are no particularized allegations of fact to meet any of these requirements.  Even under the most generous interpretation of the Amended Complaint, it alleges nothing more than a friendship between Quan and Escher.  Even if true, this bears no nexus to the Amended Complaint's alleged securities violations, or how Escher aided and abetted them.  The Amended Complaint, like the original, fails to state a claim upon which relief can be granted.

WHEREFORE, for the foregoing reasons, the defendant, Gustav E. Escher, III, respectfully renews his Motion to Dismiss and requests that the Court dismiss the claim against him with prejudice.

    DEFENDANT
    GUSTAV E. ESCHER, III


By: /S/ Theodore J. Tucci
    Theodore J. Tucci (ct05249)
    E-mail: ttucci@rc.com
    Christopher F. Girard (ct26896)
    E-mail: cgirard@rc.com
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT  06103
    Tel. No. (860) 275-8200
    Fax. No. (860) 275-8299

**CERTIFICATION**

This is to certify that a copy of the foregoing was filed electronically on this 14th day of February, 2011.  Notice of this filing shall be sent by E-mail to all parties by operation of the Court's electronic filing system and parties may access this filing through the Court's system.

      */S/ Theodore J. Tucci*
      Theodore J. Tucci