UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| POPTECH, L.P., individually, and on behalf of a class of others similarly situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEWARDSHIP CREDIT ARBITRAGE FUND, )<br>LLC; STEWARDSHIP INVESTMENT )<br>ADVISORS, LLC; ACORN CAPITAL GROUP, )<br>LLC; MARLON QUAN; GUSTAVE ESCHER, )<br>III; PAUL SEIDENWAR; and ROBERT BUCCI, )<br>)<br>Defendants. ) | CIVIL ACTION NO.:<br>3:10-cv-00967 (MRK)<br><br><br><br><br><br><br><br><br><br>February 14, 2011 |

**DEFENDANTS STEWARDSHIP INVESTMENT ADVISORS, LLC AND MARLON QUAN'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6), and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Defendants Stewardship Investment Advisors LLC ("SIA") and Marlon Quan ("Quan") respectfully move to dismiss the Amended Class Action Complaint dated December 13, 2010.

As set forth more fully in the attached Memorandum of Law, this Motion should be granted for several reasons. Poptech and the putative class members lack standing to assert claims directly against defendants SIA and Quan because the Amended Class Action Complaint essentially alleges injury to the Stewardship Credit Arbitrage Fund, LLC (the "Fund"). These claims can be brought only derivatively on behalf of the Fund and not directly by investors.

Poptech's claims under Count One must fail because it does not allege that it suffered any loss when it converted its Class P interest in the Fund to a Class A interest. Accordingly, it fails to state a claim under §10(b) of the Securities Exchange Act of 1934 (the "1934 Act").

1

Indeed, all of the putative defendants' claims must fail because they do not state a claim under §10(b) of the 1934 Act.  Plaintiffs do not meet the pleading requirements of the PSLRA and Rule 9(b) with respect to allegedly false or misleading statements or omissions.  Because the Plaintiffs' claims fail to state a claim under §10(b), their claims under §20(a) of the 1934 Act must also fail because they have not adequately plead a primary violation of the 1934 Act.

Dismissal of the federal claims should lead to dismissal of all remaining state law claims in Counts Three and Four for lack of subject matter jurisdiction.

WHEREFORE, Defendants Stewardship Investment Advisors, LLC and Marlon Quan respectfully request that this Court grant their Motion to Dismiss Plaintiffs' Amended Complaint.

          By:    /s/ Francis H. Morrison III
                Francis H. Morrison III (ct04200)
                Denise V. Zamore (ct27549)
                AXINN, VELTROP & HARKRIDER LLP
                90 State House Square
                Hartford, Connecticut 06103
                Telephone (860) 275-8100
                Facsimile (860) 275-8101
                fhm@avhlaw.com
                dvz@avhlaw.com

                David S. Smith (admitted *pro hac vice*)
                SMITH CAMPBELL, LLP
                110 Wall Street
                New York, New York  10005
                Telephone:  212-344-1500
                Facsimile:   212-344-5585
                Email:   dsmith@sc-llp.com

                *Attorneys for Defendants Marlon Quan and Stewardship Investment Advisors, LLC*

## **ORDER**

The foregoing **Motion to Dismiss**, having been duly presented to this Court, it is hereby

ORDERED:   GRANTED/DENIED.

BY THE COURT

_____
JUDGE/Clerk

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 14, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

      /s/ Francis H. Morrison III
      Francis H. Morrison III