UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| POPTECH, L.P., et al, | : | CIVIL ACTION |
|    Plaintiffs | : | 3:10-cv-00967 (MRK) |
| | : | |
| v. | : | |
| STEWARDSHIP INVESTMENT | : | |
| ADVISORS, LLC, et al, | : | |
|    Defendants | : | February 14, 2011 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
BY DEFENDANT STEWARDSHIP CREDIT ARBITRAGE
FUND, LLC, TO DISMISS AMENDED CLASS ACTION COMPLAINT**

The plaintiffs claim that they were fraudulently induced to invest in defendant Stewardship Credit Arbitrage Fund, LLC (the "Fund"). The initial Complaint, filed on June 18, 2010 by plaintiff Poptech, L.P., purported to assert various claims (Counts Seven through Eleven) derivatively on behalf of the Fund against a number of individuals and entities who allegedly defrauded and mismanaged the Fund. The Complaint also asserted a number of claims (Counts One through Six) on behalf of a purported class of investors in the Fund. Presumably recognizing that it could not simultaneously act both on the Fund's behalf in pursuing the derivative claims and also as the Fund's adversary, Poptech did not name the Fund as a defendant on any of the class claims.

After defendants other than the Fund moved to dismiss the initial Complaint, Poptech – now purportedly joined as plaintiff by two individuals – changed course in the Amended Class Action Complaint filed on December 13, 2010. Without so much as a nod to the requirements of Rule 23.1(c), Fed. R. Civ. P., Poptech unilaterally dropped the derivative claims it had asserted on the Fund's behalf and instead sued the Fund, naming it as a defendant on claims for securities fraud under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5

promulgated thereunder, 17 CFR § 240.10b-5 (Count I), and under the Connecticut Uniform Securities Act.  Conn. Gen. Stat. § 36b-29 (Count III).  Poptech has thus performed a shameless 180-degree turnabout from championing the Fund's interests as a victim of the other defendants' alleged fraud, as claimed in the initial Complaint, to suing the Fund as a co-perpetrator of that very same supposed fraud in the Amended Complaint.

The Fund has moved to dismiss the Amended Complaint pursuant to Rules 9(b), 12(b)(1) and 12(b)(6), Fed. R. Civ. P., and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 ("PSLRA"), for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted.  There is no subject matter jurisdiction because the plaintiffs lack standing; the claims that they purport to assert directly are in fact derivative claims on behalf of the Fund.  Count I of the Amended Complaint fails to plead loss causation, reliance, fraud or scienter with sufficient specificity to meet the enhanced pleading standards of Rule 9(b) and the PSLRA.  Finally, there is no basis for the exercise of supplemental jurisdiction over the state law claim set forth in Count III.

These issues are fully briefed in the memorandum of law filed today by defendants Stewardship Investment Advisors, LLC, and Marlon Quan in support of their motion to dismiss.

The Fund adopts and incorporates that memorandum in support of its motion.  For all these reasons, Counts I and III of the Amended Class Action Complaint should be dismissed as to the Fund.

                THE DEFENDANT,
                STEWARDSHIP CREDIT
                ARBITRAGE FUND, LLC

                By:  /s/  Frank J. Silvestri, Jr.
                Frank J. Silvestri, Jr.
                Federal Bar No. ct05367
                LEVETT ROCKWOOD P.C.
                33 Riverside Avenue
                P.O. Box 5116
                Westport, Connecticut  06881
                Telephone:  (203) 222-0885
                Facsimile:  (203) 226-8025
                Email:  fsilvestri@levettrockwood.com

## **CERTIFICATION**

I hereby certify that on February 14, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/  Frank J. Silvestri, Jr.
Frank J. Silvestri, Jr.
Federal Bar No. ct05367

201704