**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

_____

|   |   |   |
|---|---|---|
| | : | |
| POPTECH, L.P., individually, and on behalf of a class of others similarly situated, | : | |
| | : | |
| Plaintiff, | : | No. 3:10-cv-967 (SRU) |
| | : | |
| v. | : | |
| | : | |
| STEWARDSHIP CREDIT ARBITRAGE FUND, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | December 9, 2013 |
| | : | |

_____

**MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION**
**SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW**

Lead Plaintiff, Poptech, L.P., and proposed class representative, William A. Meyer

(collectively, "Lead Plaintiffs"), and Terence Isakov, M.D. ("Isakov") (Isakov and Lead Plaintiffs

shall collectively be referred to as "Plaintiffs" unless otherwise noted), hereby move this Court,

pursuant to the Settlement Agreement and Stipulation of Partial Settlement dated August 22,

2013 ("Stipulation")[1] entered into by Plaintiffs and Defendants, Marlon Quan ("Quan"), Acorn

Capital Group, LLC ("Acorn") and Stewardship Investment Advisors, LLC ("SIA") (collectively,

"Defendants"), and pursuant to Fed. R. Civ. P. 23(e), for an order: (1) preliminarily approving

---

[1] All capitalized terms not defined herein have the same meaning as set forth in the Stipulation, which is attached as Exhibit "1." The Stipulation consists of the following exhibits: (1) the Preliminary Approval Order as Exhibit "A"; (2) the Notice of Pendency and Proposed Partial Settlement of Class Action as Exhibit "A-1"; (3) the Proof of Claim and Release as Exhibit "A-2"; (4) Final Judgment and Order of Dismissal with Prejudice as Exhibit "B"; (5) Schedule of Assets To Be Relinquished Pursuant to the Settlement Agreement and Stipulation of Partial Settlement as Exhibit "C"; and (6) Schedule Of Loans To Be Transferred And Assigned Pursuant To The Settlement Agreement And Stipulation Of Partial Settlement as Exhibit "D."

the proposed settlement ("Settlement") in this action as memorialized in Stipulation; (2)

approving the form of Class Notice described in the Notice of Pendency and Proposed Partial

Settlement of Class Action ("Notice"), attached to the Stipulation as Exhibit "A-1"; (3)

scheduling a hearing to determine whether the Settlement should be given final approval

("Settlement Hearing"); (4) establishing dates for submission of Proofs of Claim and Release;

and (5) dissemination of the Notice and other relevant deadlines.

The following is a proposed timetable for the Court's consideration in establishing the

necessary deadlines in the Preliminary Approval Order assuming the Court preliminarily

approves the Settlement:

| Event | Time for Compliance |
|---|---|
| Deadline for Mailing the Notice and a Proof of Claim and Release form to Class Members (the "Notice Date") | 30 days after entry of the Preliminary Approval Order (Preliminary Approval Order, ¶ 5(a)). |
| Deadline for Submitting Proof of Claim and Release forms | 120 days after the Notice Date (Preliminary Approval Order, ¶ 7) |
| Deadline for Submitting Exclusion Requests or Objections | 20 days prior to the Settlement Hearing (Preliminary Approval Order ¶¶ 10-11). |
| Filing of Motion in Support of Settlement and Motion for Counsel Fees and Reimbursement of Expenses | 7 days prior to the Settlement Hearing (Preliminary Approval Order ¶ 14). |
| Settlement Hearing Date | A date to be set at the Court's convenience (Preliminary Approval Order ¶ 4). |

## MEMORANDUM OF LAW

### A.      Factual Background

The Parties have negotiated a Settlement on behalf of all Persons who invested in or otherwise contributed to the Stewardship Fund between February 6, 2006 and September 25, 2008.  The Settlement amount includes assignment or transfer of assets available for collection, including approximately $208,600 in cash and relinquishment of claims to the Stewardship Credit Arbitrage Fund, assignment of certain securities, and other interests and unpaid notes. This Settlement represents a significant recovery for Class Members in light of the limited assets of Defendants, and the difficulties faced by Plaintiffs in collecting such assets.  As represented to Lead Counsel, and as verified by Lead Counsel's investigation, Quan has very limited assets. Plaintiffs were able to secure a significant amount of those assets that Quan does hold as recovery for Class Members.  For example, pursuant to the Stipulation, Quan will pay Plaintiffs and the Class $42,000, which he received from the liquidation of Brighter Planet, as well as any future payments received from the same.  *See* Stipulation at ¶ 2.1b.  Such future payments from Brighter Planet are estimated to be $60,000.  *Id*.  Pursuant to the Stipulation, Quan will pay $100,000 to Plaintiffs and the Class, from the sale of his ownership interest in a condominium located in Bermuda.  *See id.* at ¶ 2.2.   Further, Quan will pay the remaining cash value from a trust instrument dated May 1, 2008, which amounts to $4,000.  *See* Stipulation at ¶ 2.1a.  Quan has agreed to assign, transfer and relinquish his interests (as well as Acorn's and SIA's interest) in certain other assets (*see* Stipulation at ¶ 2.1c, and Exhibit "C" to the Stipulation) and will pay all outstanding taxes and any and all administrative costs associated with the transfer of the Assets.  Further, Quan has agreed to transfer and assign various of his outstanding loans to

Messrs. Tim and Arnold Ng, DTMS, LLC, SIA, and Aspen Circle Partners, LLC. *See*
Stipulation at ¶ 2.1d, and Exhibit "D" to the Stipulation. Plaintiffs will begin the task of
collection on these loans, which are all currently in default. Likewise, the assets of Acorn and
SIA are extremely limited. Based upon review of the balance sheets procured by Lead Counsel,
the assets of Acorn and SIA are equivalent to each company's respective liabilities. As
mentioned above, Plaintiffs were able to negotiate the assignment and transfer of certain interests
of Acorn and SIA as indicated on Exhibit "C" to the Stipulation.

      Further, Plaintiffs recognize and acknowledge certain hurdles in proving their case, as
well as the expense and length of continued proceedings necessary to prosecute the Litigation
through Class certification proceedings, probable summary judgment motions and trial. Even if
Plaintiffs were successful at trial, any potential appeals by Defendants could further delay
recovery to Class Members. On March 19, 2012, the Court granted in part and denied in part
Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint. Although, the securities
fraud claims by Plaintiffs survived, the Court characterized Plaintiffs' scienter claims, as a "close
question" and, although Plaintiffs believe these claims are strong, they could be difficult to
ultimately prove. The Court also dismissed Isakov as a proposed Class Representative from this
case. Although Defendants continue to deny all claims and allegations of Plaintiffs in this action,
they recognize the uncertainty and risks inherent in any litigation, especially complex cases like
this Litigation. As a result, Defendants have concluded that moving forward with the Litigation
would be risky, protracted and expensive.

      The Parties exchanged extensive written discovery in the Fall of 2012. In response,
Defendants produced over one million pages of documents. Following the production of

documents, the Parties began to engage in protracted, arm's-length negotiations beginning in late

December 2012 and continued settlement negotiations over the course of the next eleven months.

Ultimately, the Parties reached an agreement-in-principle to settle the Litigation, with Quan,

Acorn and SIA relinquishing a significant portion of the assets that could ultimately be collected

by Plaintiffs if they were successful in the Litigation.

The Preliminary Approval Order provides for the Members of the Class to receive

information concerning the Settlement via First-Class Mail to all Class Members who can be

identified with reasonable effort.  The Preliminary Approval Order also establishes deadlines for

the following events: (1) mailing the Notice; (2) requests for exclusion from the Class by Class

members; (3) filing objections to the Settlement and Plan of Distribution of Settlement Proceeds;

(4) filing Proof of Claim forms; and (5) submission of papers in support of Final Approval.

**B.**     **The Settlement Should Be Preliminarily Approved**

In order for a settlement to be preliminarily approved, it must fall "within the range of

reasonableness and otherwise meets the requirements for preliminary approval, such that notice

to the proposed class is appropriate."  *Ahlquist, et al. v. Bimbo Foods Bakeries Distribution, Inc.*,

No. 12-cv-01272-SRU, 2013 U.S. Dist. LEXIS 7660, at *2 (D. Conn. Jan. 18, 2013), *citing*

*Cohen v. J.P. Morgan Chase & Co.*, 262 F.R.D. 153, 157-58 (E.D.N.Y. 2009) and *Morris v.*

*Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 617-20 (S.D.N.Y. 2012).  Further, the settlement

must be the result of "extensive, arms-length negotiations and experienced counsel."  *Ahlquist*,

2013 U.S. Dist. LEXIS 7660, at *3, *citing Duling v. Grlstede's Operating Corp.*, No. 06-cv-

10197, 2012 U.S. Dist. LEXIS 164226, 2012 WL 583502, at *1 (S.D.N.Y. Nov. 15, 2012).  At

the same time, courts should recognize that "[s]ettlements, by definition, are compromises which

'need not satisfy every single concern of the plaintiff class, but may fall anywhere within a broad range of upper and lower limits.'" *In re Saxon Sec. Litig.*, No. 82-cv-3103, 1985 WL 48177, at *4 (S.D.N.Y. Oct. 30, 1985) (citation omitted).

Here, the Settlement is a direct product of extensive arm's-length negotiations between the Parties.  Plaintiffs' Lead Counsel conducted a thorough review of all the facts and circumstances in this Litigation prior to entering into the Settlement.  Plaintiffs' Lead Counsel filed two amended complaints and survived much of Defendants' motions to dismiss.  Further, Plaintiffs' Lead Counsel propounded and reviewed extensive discovery from Defendants. Importantly, over the course of approximately eleven months, Lead Counsel investigated the net worth of each of the Defendants and their respective ability to pay monies and assign and transfer various assets.  Lead Counsel believe that the Settlement achieved is in the best interest of the Class and should be preliminarily approved.

**C.**     **Conditional Certification Of The Class Is Appropriate**

Classes can be certified solely for the purposes of a class action settlement.  *Weinberger v. Kendrik*, 698 F.2d 61, 73 (2d Cir. 1982).  "A Court should grant conditional certification of a class for settlement purposes where the proposed class and class representative satisfy the four requirements of Federal Rule of Civil Procedure 23(a)–numerosity, commonality, typicality, and adequacy–as well as one of the three subsections of Rule 23(b)."  *Cohen*, 262 F.R.D. at 157-58, *citing Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 619-29, 117 S. Ct. 2231 (1997).  For purposes of certification, courts take a liberal approach in determining whether a plaintiff satisfies these requirements and may exercise broad discretion in weighing the propriety of a putative class.  *Cohen*, 262 F.R.D. 153 at 158; *Marisol A. By Forbes v. Giuliani*, 126 F.3d 372,

377 (2d Cir. 1997) ("Rule 23 is given liberal rather than restrictive construction, and courts are to adopt a standard of flexibility") (citation omitted).

Plaintiffs seek to certify a class, for settlement purposes only, of all Persons who invested in or otherwise contributed to the Stewardship Fund between February 6, 2006 and September 25, 2008.  Plaintiffs clearly meet the requirements for conditional certification.  Plaintiffs satisfy the numerosity requirement under Fed. R. Civ. P. 23(a)(1) because there are at least 50 Class Members, which makes joinder impracticable.  *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.").

Plaintiffs also satisfy the commonality requirement under Fed. R. Civ. P. 23(a)(2).  Commonality is present where there are "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Commonality "is established so long as the plaintiffs can identify some unifying thread among the [class] members' claims."  *Haddock v. Nationwide Financial Services, Inc.*, 262 F.R.D. 97, 116 (D. Conn. 2009).  The requirement of commonality "serves as a guidepost for determining whether. . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."  *Amchem Products*, 521 U.S. at 626 n.20.  In the securities fraud context, questions such as, "whether Defendants' statements or omissions were material, whether they were made in connection with the purchase or sale of securities, and whether they were made with scienter, are necessarily common given that Defendants' conduct alone is relevant to their proof."  *See Menkes v. Stolt-Nielsen S.A.*, 270 F.R.D. 80, 91 (D. Conn. 2010).  Here, Plaintiffs' claims share, with members of the proposed Class, common questions of fact and law, including, *inter alia*, whether (i) Defendants violated

the Securities and Exchange Act of 1934; (ii) whether Defendants' statements omitted to disclose that no due diligence had been performed regarding a majority of the investments in the Stewardship Fund; (iii) whether Defendants failed to disclose all material information concerning the underlying investments of the Stewardship Fund; (iv) whether Defendants made material false and misleading statements to Plaintiffs in purchasing and maintaining their investments in the Stewardship Fund; and (v) to what extent the Members of the Class have sustained damages and the proper measure of damages.

Typicality is present when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is established by showing that "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Securities Litigation*, 574 F.3d 29, 35 (2d Cir. 2009). Plaintiffs satisfy the typicality requirement because each proposed Class Member's claim arises from the same practice or course of conduct; namely, Defendants' alleged uniform misrepresentations and omissions of material facts during the Class Period, which affected all Class Members. *See Stolt-Nielsen*, 270 F.R.D. 80, 92 (D. Conn. 2010) (where typicality was met when "each class member's claim arises from the same general course of events, and each class member would present similar legal arguments to prove the defendants' liability").

Adequacy of representation involves an inquiry into whether: "1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Flag*, 574 F.3d at 35. Plaintiffs' efforts to date have shown that their interests are to vigorously pursue the claims on behalf of the Class.

Plaintiffs have no conflicts with potential Class Members, and there is no indication that any fundamental conflict might exist which would preclude certification.  Further, Lead Counsel are sufficiently qualified and experienced to effectively represent the Class.  As demonstrated in their firm resume, Lead Counsel is experienced in securities class actions, and are thus well-qualified to conduct this litigation.  *See* Shepherd, Finkelman, Miller & Shah, LLP Firm Resume, attached hereto as Exhibit "2."  Accordingly, the adequacy of representation requirement is met.

Finally, Plaintiffs satisfy the predominance and superiority requirements, which are met where "questions of law or fact common to class members predominate over any questions affecting only individual members."  Fed. R. Civ. P. 23(b)(3).  This standard is satisfied when a plaintiff shows "that the issues in the proposed action that are subject to generalized proof outweigh those issues that are subject to individualized proof."  *In re Salomon Analyst Metromedia Litigation*, 544 F.3d 474, 480 (2d Cir. 2008).  Here, common questions are shared by Class Members, including, whether Defendants made materially false statements or omitted material facts in connection with Plaintiffs' and Class Members' purchases and maintenance of their investments in the Stewardship Fund; whether the statements or omissions were made with scienter and whether the Class Members suffered economic losses.  If claims were brought by individual Members of the Class, they would require individualized proof to show the extent of losses for each individual and the individual's reliance on Defendants' statements or omissions.  "Class adjudication is also superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring claims individually."  *Ahlquist*, 2013 U.S. Dist. LEXIS 7660, at *6.

Courts routinely follow the Rule 23 analysis when conditionally certifying a securities class action for purposes of preliminary approval of a settlement.  *See In re WorldCom, Inc. Sec. Litig.*, No. 02 CV-3288, 2005 WL 78807, at *2 (S.D.N.Y. Jan. 11, 2005); *In re Blech Sec. Litig.*, 187 F.R.D. 97, 102 (S.D.N.Y. 1999) (granting class certification and explaining "in an alleged securities fraud case, when a court is in doubt as to whether or not to certify a class action, the court should err in favor of allowing the class to go forward").  This Court should conditionally certify the Class and appoint Lead Plaintiffs as Class Representatives.

**D.     The Proposed Class Notice Is Adequate**

A class notice should provide the best notice practicable under the circumstances and otherwise satisfy the requirements under Rule 23(c)(2)(B) by apprising class members of the terms of the proposed settlement, attorneys' fees and the manner in which class members may object to, or opt-out of, the settlement.  *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993).  The Notice satisfies the requirements under Rule 23(c)(2)(B).  Class Members will receive the Notice via direct mail, along with a Proof of Claim form for which the Class Members can apply to share in certain Settlement proceeds by completing and mailing the Proof of Claim form and Release to Strategic Claims, Inc. ("Strategic Claims"), a claims administration company chosen by Counsel for Plaintiffs.  Strategic Claims will cause the Notice and Claim form to be mailed via First-Class Mail to all those who can be identified from records from Defendants.

Once a Class Member receives the Notice and Proof of Claim Form and Release, the Class Member has several options, including: (1) approving the Settlement and submitting a Proof of Claim to share in Settlement proceeds; (2) opting-out of the Settlement and thereby

excluding himself/herself/itself from the Class, thus retaining individual claims against

Defendants; or (3) objecting to the Settlement.  In order to participate in the Settlement, Class

Members must submit their completed Proofs of Claim within the time specified in the proposed

Preliminary Approval Order.  In the event Class Members wish to exclude themselves from the

Settlement, Class Members must timely submit a Request for Exclusion.  Similarly, a Class

Member who wishes to object to the Settlement must serve written notice of the objection 20

days prior to the Settlement Hearing on Lead Counsel and Counsel for Defendants, as well as file

said objections with the Court.  *See* Preliminary Approval Order at ¶ 11.  Accordingly, the Notice

is reasonably calculated to provide notice of the Settlement to the Class and the Court should find

these procedures as the best notice practicable.

**E.**     **Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the

Preliminary Approval Order, which is attached as Exhibit "A" to the Stipulation, find

preliminarily that the Settlement is reasonable and fair, and that notification to the Class

Members of the terms and their rights under the Settlement is warranted.

Dated: December 9, 2013                    Respectfully submitted,


                                           /s/ Karen M. Leser-Grenon
                                           James E. Miller (ct21560)
                                           Karen Leser-Grenon (ct23587)
                                           SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
                                           65 Main Street
                                           Chester, CT 06412
                                           Telephone: (860) 526-1100
                                           Facsimile: (860) 526-1120
                                           Email: jmiller@sfmslaw.com
                                                  kleser@sfmslaw.com

11

Scott R. Shepherd
Lawrence D. Berger
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
35 E. State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883
Email: sshepherd@sfmslaw.com
         lberger@sfmslaw.com

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 9, 2013, a true and correct copy of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement and Incorporated Memorandum of Law has been electronically filed with the Clerk of the Court using the CM/ECF system and that such filing will accomplish service upon all counsel of record.

<u>/s/Karen M. Leser-Grenon</u>
Karen M. Leser-Grenon (ct23587)