IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____
:
POPTECH, L.P., individually, and on behalf of a :
class of others similarly situated,             :
                                                :
Plaintiff,                                      :
                                                :   Civil Action No. 3:10-cv-967 (SRU)
                                                :
v.                                              :
                                                :
STEWARDSHIP CREDIT ARBITRAGE FUND, :
LLC; STEWARDSHIP INVESTMENT             :
ADVISORS, LLC; ACORN CAPITAL GROUP, :
LLC; MARLON QUAN; PAUL SEIDENWAR      :
and ROBERT BUCCI,                       :
                                                :
Defendants.                                     :
                                                :
_____:

**ORDER GRANTING PRELIMINARILY APPROVAL OF PROPOSED PARTIAL
SETTLEMENT WITH ROBERT BUCCI AND PROVIDING FOR NOTICE**

WHEREAS, a putative class action is pending before the Court, which is entitled

*Poptech, L.P. v. Stewardship Credit Arbitrage Fund, et al.*, Case No. 3:10-cv-967 (SRU);

WHEREAS, the Plaintiffs and Defendant, Robert Bucci, having made application,

pursuant to Federal Rule of Civil Procedure 23(e), for an Order preliminarily approving the

partial settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of

December 2, 2013 (the "Stipulation"), which, together with the Exhibits annexed hereto, sets

forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the

Litigation with prejudice upon the terms and conditions set forth therein; and the Court, having

read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation; and

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court preliminarily certifies a Class consisting of all Persons who invested or otherwise contributed to the Stewardship Fund during the period February 6, 2006, through and including September 25, 2008, for settlement purposes only.  Excluded from the Class are the Defendants, their officers, subsidiaries and affiliates, any entities in which they have a controlling interest; the legal representatives, heirs, successors, predecessors in interest, affiliates or assigns of any of the Defendants; the members of each of the individual Defendants' immediate family; the Judge(s) to whom this case is assigned; and those persons who submit a valid request to be excluded from the Class pursuant to the Notice of Pendency and proposed Settlement of Class Action.

2.      The Court finds probable cause to submit the Stipulation and the Settlement set forth therein to class members and hold a full-scale hearing to determine whether to finally approve them.

3.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the Proof of Claim and Release (the "Proof of Claim") annexed as Exhibits A-1, and A-2, respectively, and finds that the mailing of the Notice, substantially in the manner and form set forth in ¶¶ 4-5 of this Order, meets the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons

entitled thereto.

4.      A hearing (the "Settlement Hearing") shall be held before this Court on June 24, 2014, at 10:00 a.m., at the United States District Court for the District of Connecticut, U.S. Courthouse, 915 Lafayette Boulevard, Bridgeport, Connecticut, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate to the Settling Parties and the Class and should be approved by the Court; to determine the amount of fees and expenses that should be awarded to Plaintiffs' Lead Counsel; and to determine whether to approve the proposed Bar Order.  The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

5.      The Court appoints Strategic Claims Services ("Claims Administrator") to act and to supervise and administer the Notice procedure, as well as the processing of claims as more fully set forth below:

a.      No later than March 29, 2014, the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to those Class Members who can be identified with reasonable effort; and

b.      No later than June 17, 2014, Plaintiffs' Lead Counsel shall serve on Bucci's Counsel and file with the Court, proof, by affidavit or declaration, of such mailing.

6.      All Members of the Class who do not submit a valid Request for Exclusion, in accordance with ¶ 10 below, shall be bound by all determinations and judgments in the Litigation concerning the Settlement.

7.      Class Members who wish to participate in the Settlement shall complete

and submit a Proof of Claim in accordance with the instructions contained therein.  Unless the

Court orders otherwise, all Proof of Claim forms must be postmarked no later than June 27,

2014, or such other date thereafter as may be approved by the Court.  Any Class Member who

does not timely submit a Proof of Claim (or Request for Exclusion) shall not only be barred from

sharing in the distribution of the proceeds of the Settlement Fund, but shall also be bound by all

determinations and Judgments in the action concerning the Settlement, whether favorable or

unfavorable to the Class, unless otherwise ordered by the Court.

       8.     Any Member of the Class may enter an appearance in the Litigation,

individually or through counsel of his, her or its own choice, at his, her or its own expense.  If a

Member of the Class does not enter an appearance, he, she or it will be represented by Plaintiffs'

Lead Counsel.

       9.     Pending final determination of whether the Settlement should be

approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in

any other capacity, shall commence or prosecute against any of the Released Parties any action

or proceeding in any court or tribunal asserting any of the Released Claims.

       10.    Any Person falling within the definition of the Class may, upon request, be

excluded from the Class.  Any such Person must submit to the Claims Administrator a Request

for Exclusion ("Request for Exclusion"), postmarked no later than June 4, 2014.  A Request for

Exclusion must state: (a) the name, address, and telephone number of the Person requesting

exclusion; (b) the Person's purchases (or investments/contributions) and sales of membership

interest in the Stewardship Fund during the Class Period, including the dates,

investment/contribution amounts, and the price paid or received for each membership interest in

connection with any purchase or sale; and (c) that the Person wishes to be excluded from the

Class.  All Persons/Entities who submit valid and timely Requests for Exclusion in the manner

set forth in this paragraph shall have no rights under the Stipulation, shall not share in the

distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final

Judgment and Order of Dismissal with Prejudice.

11.     Any Member of the Class may appear and show cause (if he, she or it has

any) as to (1) why the proposed Settlement of the Litigation should or should not be approved as

fair, just, reasonable and adequate; (2) why a judgment should or should not be entered thereon;

(3) why the Plan of Allocation should or should not be approved; or (4) why attorneys' fees and

expenses should or should not be awarded to Plaintiffs' Lead Counsel.  However, no Class

Member or any other Person shall be heard or entitled to contest the approval of the terms and

conditions of the proposed Settlement or the attorneys' fees and expenses to be awarded to

Plaintiffs' Lead Counsel, unless that Person has: (a) served written objections and copies of any

papers and briefs on the following persons no later than June 4, 2014: James E. Miller or Karen

M. Leser-Grenon, Shepherd Finkelman Miller & Shah, LLP, 65 Main Street, Chester, CT 06412,

Telephone: (860) 526-1100, Attorneys for Plaintiffs; Ian E. Bjorkman, Law Office of Ian E.

Bjorkman, LLC, 900 Chapel Street, Suite 621, New Haven, CT 06510, Telephone: (203) 773-

9110, Attorney for Robert Bucci; and (b) filed said written objections, papers and briefs with the

Clerk of the United States District Court for the District of Connecticut, 915 Lafayette

Boulevard, Bridgeport, CT 06604.  Any Member of the Class who does not make his, her or its

objection in the manner provided herein shall be deemed to have waived such objection and shall

forever be foreclosed from making any objection to the fairness or adequacy of the proposed

Settlement as incorporated in the Stipulation and/or to the award of attorneys' fees and reimbursement of expenses to Plaintiffs' Lead Counsel, unless otherwise ordered by the Court.

12.     The passage of title and ownership of the Settlement Fund to the Escrow Agent, in accordance with the terms and obligations of the Stipulation, is approved.  No Person who is not a Class Member, the Claims Administrator, or Plaintiffs' Lead Counsel, shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

13.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further Order(s) of the Court.

14.     All papers in support of the Settlement, or any application by Plaintiffs' Lead Counsel for attorneys' fees or reimbursement of expenses, shall be filed and served by June 17, 2014.

15.     Neither Bucci, nor Bucci's Counsel, shall have any responsibility for any application for attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

16.     At or after the Settlement Hearing, the Court shall determine whether any application for attorneys' fees or reimbursement of expenses will be approved.

17.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the

Stipulation.  In any event, if the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs, Plaintiffs' Lead Counsel nor the Escrow Agent shall have any obligation to repay any Notice and Administration Expenses except as provided in the Stipulation.

18.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as: (1) an admission or concession by Bucci of the truth of any of the allegations in the Litigation, or any liability, fault, or wrongdoing of any kind; or (2) an admission or concession by Lead Plaintiffs and/or the Class of any infirmity in the claims asserted in the Litigation.

19.     The Parties shall be permitted to jointly agree to any corrections of typographical errors or similar, non-substantive changes to the proposed forms of Notice to the Class, including any pertinent dates, and other Settlement documents for purposes of ensuring consistency of all such documents without further Order of this Court if any such inadvertent errors are discovered prior to the date of publication of such Settlement documents.

20.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and it retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

So ordered.

Dated at Bridgeport, Connecticut, this 27th day of February, 2014.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge