IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| POPTECH, L.P., individually, and on behalf of a class of others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STEWARDSHIP CREDIT ARBITRAGE FUND, LLC, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 3:10-cv-967 (SRU) |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED PARTIAL SETTLEMENT WITH PAUL SEIDENWAR AND PROVIDING FOR NOTICE**

WHEREAS, a putative class action is pending before the Court which is entitled, *Poptech, L.P. v. Stewardship Credit Arbitrage Fund, et al.*, Case No. 3:10-cv-967 (SRU);

WHEREAS, Representative Plaintiffs, Poptech, L.P. and William A. Meyer ("Representative Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendant, Paul Seidenwar ("Seidenwar" or "Defendant")(together, the "Parties"), having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the partial settlement of this Litigation, in accordance with a Settlement and Assignment Agreement dated as of August 7, 2013 (the "Settlement Agreement") which, together with the Exhibits annexed, hereto, sets forth the terms and conditions for a proposed Settlement of the Litigation

and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court, having read and considered the Settlement Agreement and the Exhibits annexed thereto;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement; and

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court hereby preliminarily certifies a Class consisting of all Persons who invested or otherwise contributed to the Stewardship Fund during the period February 6, 2006 through and including September 25, 2008 for settlement purposes only. Excluded from the Class are persons who validly and timely exclude themselves from the Settlement Class; persons who have settled with and released Seidenwar from individual claims substantially similar to those alleged in the Litigation or Persons who have had adjudicated claims substantially similar to those alleged in this Litigation; current and former officers, directors, or employees of the Fund, SIA, Acorn, or the subsidiaries, and affiliates of the Fund, SIA, and Acorn; the Judge(s) to whom this case is assigned; and members of the Defendants' immediate families.

2. The Court finds probable cause to submit the Stipulation and the Settlement set forth therein to class members and hold a full-scale hearing to determine whether to finally approve them.

3. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), and the Proof of Claim and Release (the "Proof of Claim") annexed as Exhibits A-1 and A-2 respectively, and finds that the mailing of

the Notice, substantially in the manner and form set forth in ¶¶ 4-5 of this Order, meets the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

        4.     A hearing (the "Settlement Hearing") shall be held before this Court on June 24, 2014 at 10:00 a.m., at the United States District Court for the District of Connecticut, U.S. Courthouse, 915 Lafayette Boulevard, Bridgeport, Connecticut, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Settlement Agreement is fair, just, reasonable and adequate to the Parties and the Class and should be approved by the Court; whether a Judgment as provided in ¶ 1.14 of the Settlement Agreement should be entered herein; to determine the amount of fees and expenses that should be awarded to Representative Plaintiffs' Class Counsel; and to determine whether to approve the proposed Bar Order.  The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

        5.     The Court appoints Strategic Claims Services ("Claims Administrator") to act and to supervise and administer the Notice procedure as well as the processing of claims as more fully set forth below:

        a.     No later than March 29, 2014, the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to those Class Members who can be identified with reasonable effort; and

    b. No later than June 17, 2014, Representative Plaintiffs' Class Counsel shall serve on Seidenwar's Counsel, and file with the Court, proof, by affidavit or declaration, of such mailing.

   6. All Members of the Class who do not submit a valid Request for Exclusion, in accordance with ¶ 10 below, shall be bound by all determinations and judgments in the Litigation concerning the Settlement.

   7. Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be postmarked by no later than June 27, 2014, or such other date thereafter as may be approved by the Court. Any Class Member who does not timely submit a Proof of Claim (or Request for Exclusion) shall not only be barred from sharing in the distribution of the proceeds of the Settlement Fund, but shall also be bound by all determinations and judgments in the action concerning the Settlement, whether favorable or unfavorable to the Class, unless otherwise ordered by the Court.

   8. Any Member of the Class may enter an appearance in the Litigation, individually or through counsel of his, her or its own choice, at his, her or its own expense. If a Member of the Class does not enter an appearance, he, she or it will be represented by Representative Plaintiffs' Class Counsel.

   9. Pending final determination of whether the Settlement should be approved, neither Representative Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released

Claims.

        10.    Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a Request for Exclusion ("Request(s) for Exclusion"), postmarked no later than June 4, 2014. A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases (or investments/contributions) and sales of membership interest in the Stewardship Fund during the Class Period, including the dates, investment/contribution amounts, and the price paid or received for each membership interest in connection with any purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or the Final Judgment.

        11.    Any Member of the Class may appear and show cause (if he, she or it has any) as to why (1) the proposed Settlement of the Litigation should or should not be approved as fair, just, reasonable and adequate; (2) a judgment should or should not be entered thereon; (3) the Plan of Allocation[1] should or should not be approved; or (4) attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel. However, no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the

---

[1] Plan of Allocation means a plan of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to any Class Member whose claim for recovery has been allowed pursuant to the terms of the Settlement Agreement after payment of expenses of notice and administration of the Settlement, taxes and tax expenses and such attorneys' fees, costs,

proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel, unless that Person has: (a) served written objections and copies of any papers and briefs on the following persons no later than June 4, 2014: James E. Miller or Karen M. Leser-Grenon, Shepherd Finkelman Miller & Shah, LLP, 65 Main Street, Chester, CT 06412, Telephone: (860) 526-1100, Attorneys for Plaintiffs; David Gourevitch, Law Offices of David Gourevitch, P.C., 875 Third Ave., 28th Floor, New York, NY 10022, Telephone: (212) 355-1300, Attorney for Paul Seidenwar; and (b) filed said written objections, papers and briefs with the Clerk of the United States District Court for the District of Connecticut, 915 Lafayette Boulevard, Bridgeport, CT 06604.  Any Member of the Class who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Judgment, and/or to the award of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

12. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Settlement Agreement is approved. No Person who is not a Class Member, the Claims Administrator, or Plaintiffs' Counsel, shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

13. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

expenses and interest as may be awarded by the Court.

time as such funds shall be distributed pursuant to the Settlement Agreement and/or further Order(s) of the Court.

14. All papers in support of the Settlement Agreement, or any application by Plaintiffs' Class Counsel for attorneys' fees or reimbursement of expenses, shall be filed and served by June 17, 2014.

15. Neither Seidenwar, nor Seidenwar's Counsel, shall have any responsibility for any application for attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

16. At or after the Settlement Hearing, the Court shall determine whether any application for attorneys' fees or reimbursement of expenses will be approved.

17. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement.  In any event, if the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Representative Plaintiffs, Class Counsel nor the Escrow Agent shall have any obligation to repay any Notice and Administration Expenses except as provided in the Settlement Agreement.

18. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as: (1) an admission or concession by Defendant of the truth of any of the allegations in the Litigation, or any liability, fault, or wrongdoing of any kind; or (2) an admission or concession by Representative Plaintiffs and/or the Class of any infirmity in the claims asserted in the Litigation.

-8-

19.The Parties shall be permitted to jointly agree to any corrections of typographical errors or similar, non-substantive changes to the proposed forms of Notice to the Class, including any pertinent dates, and other Settlement documents for purposes of ensuring consistency of all such documents without further Order of this Court if any such inadvertent errors are discovered prior to the date of publication of such Settlement documents.

20.The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and it retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

So ordered.

Dated at Bridgeport, Connecticut, this 27th day of February, 2014.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge